Samuel MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 53060.

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

---

1. As provided by Art. 40.09(5), V.A.C.C.P.

Brinkley L. Oxford, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., and Thomas Parker Beery, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GUPTON, Judge.

Appeal is taken from a conviction for burglary under V.T.C.A., Penal Code, Sec. 30.02(a). The jury assessed punishment at 2 years' confinement and a fine of $500.00 and recommended that appellant be placed on probation.

Appellant's sole complaint on appeal is the trial court imposed four conditions of probation in violation of Art. 42.12, Sec. 3a, V.A.C.C.P. Appellant contends the following four probationary terms are not authorized conditions of probation under Art. 42.-12, Sec. 6, V.A.C.C.P.:

"1. That he maintain employment with the County of Hidalgo until that time that position is terminated and/or until further ordered by this Court; that, if the position with the County of Hidalgo is terminated prior to termination of probationary period, he secure another employment within a period of one month and maintain that employment until further ordered by this Court.

2. That he report to Mr. Adan Trejo, Alcoholism Counselor, out-patient Services, Tropical Texas Center for MHMR for evaluation, individual and family counseling or any other type services as seen necessary until further instructed by this Court.

3. That he support his dependents, to-wit: that he contribute one-fourth of his net pay to the support of his children until that time that a Court of this State dictates otherwise in a divorce settlement, or until further ordered by this Court.

4. That he associate with individuals of his own age and refrain from associating with individuals younger than him."

It appears conditions one and three more completely and explicitly define the general statutory conditions "work faithfully at suitable employment as far as possible" and "support his dependents". As this Court said in *Flores v. State*, 513 S.W.2d 66, 69:

"There is always value in making all conditions explicit, primarily as an aid to the offender in increasing his understanding of what is expected of him. The impropriety of imposing conditions which achieve such a level of generality as to be of no particular value seems clear."

However, probationary condition two, requiring appellant to report to an alcoholism counselor, is more than an expansion or

explanation of a vague or uncertain statutory condition of probation. Art. 42.12, Sec. 6, supra, authorizes the court to require the probationer to report only to his probation officer. This requirement was made condition "e" of the terms of appellant's probation.

 It is well settled that the conditions of probation which the court may impose when probation is recommended by the jury are limited to those statutory conditions set forth in Art. 42.12, Sec. 6, supra. *O'Neal v. State*, Tex.Cr.App., 421 S.W.2d 391, 396. The court exceeded its authority in requiring as a condition of probation that appellant report to the MHMR counselor and in prohibiting association with any person younger than appellant, because this implies any person younger than appellant would be disreputable.[1]

The judgment recites appellant pleaded not guilty, but the record reflects the plea was guilty. The judgment is reformed to reflect appellant pleaded guilty and probationary conditions 2 and 4 are hereby deleted from the conditions of probation as set forth in the judgment. As reformed, the judgment is affirmed.

ODOM, J., concurs in the results.

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

---

1. The statutory conditions include that probationer shall "avoid persons or places of disreputable or harmful character." See Art. 42.12, Sec. 6, supra.