Richard **RUSSELL**, appellant,

v.

**STATE** of Texas, appellee.

No. 04–83–00499–CR.

Court of Appeals of Texas, San Antonio.

Jan. 30, 1985.

Gerald H. Goldstein, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., E. Dickinson Ryman, Linda C. Anderson, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, TIJERINA and DIAL, JJ.

### OPINION

TIJERINA, Justice.

This is a probation revocation case. Appellant was charged by indictment with aggravated promotion of prostitution and, on trial before the court, pleaded nolo contendere. The trial court deferred adjudication of guilt and placed appellant on probation for a term of six (6) years and further assessed a Five Thousand Dollar ($5,000.00) fine.

At issue is condition of probation number sixteen (16), which requires appellant to comply completely with each of the provisions of attached "Orders and Judgment of Permanent Injunction, No. 81–CI–16876," incorporated by reference in full.[1] The

---

1. The Order and Judgment of Permanent Injunction enjoined and restrained appellant in the following respects:

   1. using the premises at 451 McCarty Road, San Antonio, Texas, or the premises at any other location within the geographical limits of Bexar County, Texas, in any place or manner, or the promotion or aggravated promotion of prostitution, or compelling prostitution, as set forth by the provisions of TEX.PE-

State filed a motion to enter adjudication of guilt and revoke probation, alleging that appellant violated Condition No. 16 as follows:

VIOLATED CONDITION NO. 16: PARAGRAPH I

That thereafter and during the term of said Probation, the defendant, Richard Russell, in the County of Bexar and the State of Texas, and on or about the 17th day of July A.D., 1983, did then and there fail to comply completely with each of the provisions of attached "Orders and Judgment of Permanent Injunction, No. 81–CI–16876," incorporated by reference herein in full, against the peace and dignity of the State, and in violation of Condition No. 16.

VIOLATED CONDITION NO. 16: PARAGRAPH II

That thereafter and during the term of said Probation, the defendant, Richard Russell, in the County of Bexar and the State of Texas, and on or about the 17th day of July, A.D., 1983, did then and there use the premises at 451 McCarty Road, San Antonio, Texas, for the promotion and aggravated promotion of prostitution and compelling prostitution, against the peace and dignity of the

State, and in violation of Condition No. 16.

VIOLATED CONDITION NO. 16: PARAGRAPH III

That thereafter and during the term of said Probation, the defendant, Richard Russell, in the County of Bexar and the State of Texas, and on or about the 17th day of July A.D., 1983, did then and there permit, allow, maintain, operate, supervise, manage, control, finance, rent, lease, and occupy the premises at 451 McCarty Road, San Antonio, Texas, for the purposes of promoting and aggravated promotion of prostitution, against the peace and dignity of the State, and in violation of Condition No. 16.

Appellant pleaded not true and after a full evidentiary hearing the court found that appellant had violated the terms of his probation. He was thus adjudicated guilty of aggravated promotion of prostitution. The probation was revoked and sentence was imposed.

Appellant contends that the trial court erroneously revoked his probation for violation of Condition No. 16 as follows: (1) condition of probation No. 16 is not included in the conditions of probation provided

NAL CODE ANN. §§ 43.01–43.05 (Vernon 1974 & Vernon Supp.1982–1983);

2. permitting, allowing, maintaining, operating, supervising, managing, controlling, financing, renting, leasing, or occupying the premises at 451 McCarty Road, San Antonio, Texas, or premises at any other location within the geographical limits of Bexar County, Texas, in any place or manner, for the promotion or aggravated promotion of prostitution, or

3. using, permitting, allowing, maintaining, operating, supervising, managing, controlling, renting, financing, leasing, or occupying the premises at 451 McCarty Road, San Antonio, Texas, or premises at any other location within the geographical limits of Bexar County, Texas, in any place or manner, for any commercial enterprise, identified as a massage establishment, massage parlor, spa, hot tub emporium, bath house, dance or dancing studio, nude studio, modeling studio, love parlor, or a business by any other name or commercial identity whatsoever, whose business in any manner involves the offering of a service or services intended to provide sexual stimulation or sexual gratification to any customer;

4. using, permitting, allowing, maintaining, operating, supervising, managing, controlling, renting, financing, leasing, or occupying the premises at 451 McCarty Road, San Antonio, Texas, or premises at any other location within the geographical limits of Bexar County, Texas, in any place or manner, for any commercial enterprise involving massage; and

5. violating any provision, article or section of TEX.REV.CIV.STAT.ANN. arts. 2372v & 2372w (Vernon Supp.1982–1983); of the Regulations of Bexar County, Texas, for Massage Parlors in effect at any time; of the Regulations of Bexar County, Texas, for the Location of Certain Sexually Oriented Commercial Enterprises in effect at any time; of the Code of the City of San Antonio regarding massage businesses, masseurs and sexually oriented commercial enterprises, in effect at any time; and of TEX.PENAL CODE ANN. §§ 43.01–43.-05 (Vernon 1974 & Vernon Supp.1982–1983), or any other state penal law regarding prostitution in effect at any time on premises at 451 McCarty Road, San Antonio, Texas, or premises at any other location within the geographical limits of Bexar County, Texas, in any place or manner.

by statute; the court added this condition in violation of article II, section 1 of the Texas Constitution; (2) appellant was denied due process by the court's failure to file written findings; (3) Condition No. 16 was vague and indefinite and therefore invalid; (4) Condition No. 16 does not have a reasonable relationship to the treatment of the accused and the protection of the public; and (5) the evidence was insufficient to prove the violation by a preponderance of the evidence.

■ It is well settled that no appeal may be taken from the hearing in which a trial court determines to proceed with an adjudication of guilt on the original charge. *Daniels v. State,* 615 S.W.2d 771, 771 (Tex. Crim.App.1981); *Wright v. State,* 592 S.W.2d 604, 606 (Tex.Crim.App.1980); *Williams v. State,* 592 S.W.2d 931, 932 (Tex. Crim.App.1979). Because all of appellant's grounds of error involve the hearing from which he cannot appeal, he has presented nothing for our review. Nevertheless, appellant has raised questions of constitutional dimension. We will, therefore, address his grounds of error.

■ Appellant first complains that Condition No. 16 is unconstitutional because it is not one of the conditions statutorily provided by the legislature. The conditions of probation which the court may impose *when probation is recommended by the jury* are limited to the statutory conditions provided for in TEX.CODE CRIM.PROC.ANN. art. 42.12, § 6 (Vernon Supp.1984). *Morales v. State,* 541 S.W.2d 443, 445 (Tex.Crim.App.1976). In the instant case, probation was granted by the court. Therefore, the trial court is not limited to the probationary conditions set forth in § 6 of art. 42.12, *supra,* provided the condition is a reasonable one. *Chacon v. State,* 558 S.W.2d 874, 875 (Tex.Crim. App.1977). The court has wide discretion in selecting reasonable conditions of probation; however, the conditions should have a reasonable relationship to the treatment of the accused and the protection of the public. *Macias v. State,* 649 S.W.2d 150, 152 (Tex.App.—El Paso 1983, no pet.).

■ Condition No. 1 provides that appellant while on probation is not to "commit nor be convicted of any offense against the laws of the State of Texas; or any other State or of the United States." Condition No. 16 prohibits appellant from engaging directly or indirectly in the same criminal activity that resulted in his prosecution. Therefore, Condition No. 16 could be construed as an expansion of Condition No. 1, providing the desired specificity. *See Tyra v. State,* 644 S.W.2d 865, 869 (Tex.App.— Amarillo 1982, no pet.), *citing Flores v. State,* 513 S.W.2d 66, 69 (Tex.Crim.App. 1974). There is nothing in this record to indicate that the trial court's imposition of the added condition of probation constituted an infringement of legislative powers. Ground of error one is overruled.

■ In his second ground of error, appellant complains that the trial court erred in failing to make written findings in support of its order revoking probation. Appellant cites *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1762, 36 L.Ed.2d 656, 664 (1973), which held that minimum requirements of due process include a written statement by the fact finder as to the evidence relied on and reasons for revoking probation. Texas courts, however, require a defendant to make a request for specific findings. In the absence of such a request, the failure of the trial court to make specific findings in the order revoking probation is not reversible error. *King v. State,* 649 S.W.2d 42, 46 (Tex.Crim. App.1983, en banc); *Bradley v. State,* 608 S.W.2d 652, 655 (Tex.Crim.App.1980); *Clapper v. State,* 562 S.W.2d 250, 251 (Tex. Crim.App.1978). In the instant case, appellant concedes that no request was made for specific findings. Appellant was present and represented by counsel at the hearing on the motion to revoke his probation. He presented witnesses on his behalf and contested every issue. The order revoking probation is supported by a preponderance of competent evidence introduced at the evidentiary hearing. Unlike *McDonald v. State,* 608 S.W.2d 192 (Tex.Crim.App.1980), there was no reliance by the trial court on

"judicial notice" of the testimony in the prior proceedings. Therefore, we conclude that the finding recited in the court's order that the evidence sustained the violations alleged in the motion to revoke probation satisfies due process requirements. The second ground of error is overruled.

█ Appellant next complains that Condition No. 16 is vague and indefinite and does not inform him with sufficient certainty as to the prohibited conduct because: (1) the number of persons who might disobey the injunction is indefinite; and (2) "using the premises ... in any ... manner for the promotion or aggravated promotion of prostitution or compelling prostitution" does tell him what he must do to avoid revocation. Generally, he argues that paragraphs II and III do not give him notice of the proscribed conduct. It is obvious that the language of the injunction tracks TEX. PENAL CODE ANN. § 43.-04(a) (Vernon 1974), Aggravated Promotion of Prostitution, which provides in pertinent part as follows:

> A person commits an offense if he knowingly owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes.

A similar challenge that the statute was void for being vague and indefinite was made in *Floyd v. State*, 575 S.W.2d 21, 24 (Tex.Crim.App.1978), *appeal dismissed*, 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979), and the court held:

> Both common logic and the rules of grammar dictate that a prostitution enterprise that uses prostitutes necessarily uses them for prostitution.... The terms complained of by appellant do not render Section 43.04 so ambiguous and vague that men of ordinary intelligence would guess at its meaning or differ as to its application.... Appellant had sufficient notice of the type of conduct proscribed by the statute and therefore he was not deprived of procedural due process.

*See also Wood v. State*, 573 S.W.2d 207, 219 (Tex.Crim.App.1978).

In *Curtis v. State*, 548 S.W.2d 57, 58 (Tex.Crim.App.1977), cited by appellant, the "condition" merely recited, "remain within a specified place." In this case, condition No. 16 specifically prohibits appellant from directly or indirectly using the premises at 451 McCarty Road, San Antonio, Texas, for promotion and aggravated promotion of prostitution. This, without more, is sufficient notice to appellant of the conduct proscribed. "There is always value in making all conditions explicit, primarily as an aid to the offender in increasing his understanding of what is expected of him." *Flores v. State*, 513 S.W.2d 66, 69 (Tex. Crim.App.1974). The third ground of error is overruled.

█ The fourth ground of error is that Condition No. 16 does not have a reasonable relationship to the accused and the protection of the public as required by *Hernandez v. State*, 556 S.W.2d 337 (Tex.Crim. App.1977), and *Tamez v. State*, 534 S.W.2d 686 (Tex.Crim.App.1976), cited by appellant. A probationer, like a parolee, has the right to enjoy a significant degree of privacy. *Basaldua v. State*, 558 S.W.2d 2, 7 (Tex.Crim.App.1977). A probationer has a diminished expectation of privacy by virtue of the "conditions" but his rights may be diminished only to the extent necessary for his reformation and rehabilitation. *Owens v. Kelley*, 681 F.2d 1362, 1367 (11th Cir. 1982). In *United States v. Consuelo-Gonzalez*, 521 F.2d 259 (9th Cir.1975), the court held that probationary conditions which would allow any law enforcement officer to search a probationer at any time were overbroad and not reasonably related to the purpose of the act. The court further stated that the conditions which can be reasonably said to be proper are those that contribute significantly both to the rehabilitation of the convicted person and to the protection of society. *See also United States v. Tonry*, 605 F.2d 144 (5th Cir. 1979).

█ In the case at bar, the condition in question sought the rehabilitation of appellant by supervising and restricting his

involvement with the operation of illegal activity at 451 McCarty Road in San Antonio, Texas. According to the stipulated evidence, said location was used for the promotion and aggravated promotion of prostitution. Additionally, the condition acts to deter appellant from criminal activity, complying with the probationary purpose of protecting society. One probation violation will support the court's order to revoke probation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App.1980). Appellant's fourth ground of error is overruled.

In reviewing the sufficiency of the evidence question, we are required to view the evidence in the light most favorable to the court's judgment revoking probation. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App.1981). The State satisfies its burden of proof when the greater weight of the credible evidence, i.e., the preponderance of the evidence, creates a reasonable belief that the probationer has violated a condition of his probation. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex.Crim.App.1980). In probation revocation proceedings, the trial court is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Story v. State*, 614 S.W.2d 162, 164 (Tex.Crim.App.1981); *Battle v. State*, 571 S.W.2d 20, 21 (Tex.Crim.App.1978). Appellate review of a revocation of probation proceeding is limited to a determination of whether the trial court abused its discretion. *McDonald v. State, supra.* In this case, the State established by a preponderance of the evidence that appellant violated Condition No. 16, paragraph III, by maintaining, operating, supervising, managing, controlling, financing and occupying the Paris Modeling Studio for the purpose of prostitution and aggravated prostitution, at 451 McCarty Road, San Antonio, Texas. The State witness, Sarah Lou Brach, testified that she worked at the Paris Modeling Studio at 451 McCarty from July 13 or 14, 1983, to July 19, 1983, and that during her employment *appellant, who was physically present at the studio every day*, gave orders to women who worked at the studio,

inspected the books, and, together with Stevie Parmeter, obtained a d/b/a permit and new bank account for continuing the operation. Brach further testified that she was arrested at the studio on July 19th and that *an attorney retained by appellant posted her bond. Appellant admitted his presence at the business after July 15th, but he denied any interest in the business* and claimed he was there solely to explain the payroll system to the new owner. He further testified that he believed his attorney had obtained an extension of the deadline for his sale of the business. The trial judge, as the trier of fact, chose to believe the testimony of the State's witness. Ground of error five is overruled.

In his sixth ground of error, appellant complains that the trial court erred in not halting the revocation proceedings sua sponte and conducting a competency examination when appellant's counsel testified that he had some reservations about appellant's mental competence. It is well settled that a trial court is required to sua sponte hold a competency hearing only when sufficient facts or circumstances are brought to the court's attention that create a reasonable doubt as to the competence of the appellant. *See, e.g., Hackbarth v. State*, 617 S.W.2d 944, 948 (Tex.Crim.App. 1981); *Morales v. State*, 587 S.W.2d 418, 421 (Tex.Crim.App.1979); *Perryman v. State*, 507 S.W.2d 541, 543 (Tex.Crim.App. 1974). The test of legal competence is whether the accused has sufficient present ability to consult with his lawyer and a reasonable degree of rational understanding of the proceedings against him. *Morales*, 587 S.W.2d at 421; *Paul v. State*, 544 S.W.2d 668, 670 (Tex.Crim.App.1976); TEX.CODE CRIM.PROC.ANN. art. 46.-02(1)(a) (Vernon 1979). Appellant's testimony during the hearing was clear and lucid; he made intelligent responses to questions propounded to him. In fact, appellant's counsel readily conceded that appellant has a factual and rational understanding of the charges against him. Appellant's sixth ground of error is overruled.

Finally, appellant urges that the trial court erred in overruling his motion to quash because the State's motion to enter adjudication of guilt and revoke probation was not verified by the prosecutor. *Pollard v. State*, 353 S.W.2d 449 (Tex.Crim. App.1962), the sole case which appellant offers as authority for this ground of error, does not require verification of a motion to revoke. Additionally, the Code of Criminal Procedure is devoid of any such requirement. Appellant's seventh ground of error is overruled.

The judgment of the trial court is affirmed.