Affirmed and Opinion filed November 27, 2002









Affirmed and Opinion filed
November 27, 2002.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00143-CR

_______________

 

RALPH BRUCE NELSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                       
                                                                                        

On
Appeal from County Criminal Court at Law No. 2

Harris County, Texas

Trial
Court Cause No. 1076789

                                                                 
                                                                              

 

O P I N I O N

In a single point of error, appellant Ralph Nelson appeals
the trial court=s decision to revoke his probation.  We affirm.

I.  Background








Appellant was charged with driving while intoxicated.  He pled guilty and the trial court assessed
punishment at 180 days in jail, probated for one year, and a $500 fine.  As part of his probation, appellant was
assigned to complete community service at the Montgomery County Women=s Center.  During the performance of his community
service, appellant touched the breast of Wendy Kennedy, another
probationer.  According to Ms. Kennedy,
appellant approached her and told her that she was going to fall off a stool.  Ms. Kennedy responded that she did not need
help.  However, to prevent her from
falling, he held her around her waist and then touched her breast underneath
her shirt.  Ms. Kennedy called him a Adirty, old man,@ and according to her testimony he
replied, AI am the one and only dirty, old man.@ 
At the request of Ms. Morris, the manager of the center, Ms. Kennedy
wrote and signed a written statement, describing the incident.  Ms. Morris alleged that appellant admitted making
a physical advance toward Ms. Kennedy. 
Appellant admitted that he held Ms. Kennedy=s waist to assist her, but denied
touching her breast.  He alleges that
because her shirt was open, he was holding her around her bare skin, and only
touched the side of her bra.  Finally,
appellant testified that he did not intend to offend Ms. Kennedy.  

II.  Discussion

We review an order revoking probation under an abuse of
discretion standard.  See Bennett v.
State, 476 S.W.2d 281, 282 (Tex. Crim. App. 1972); Lee v. State, 952
S.W.2d 894, 897 (Tex. App.CDallas 1997, no pet.). 
In making this determination, we review the evidence in a light most
favorable to the judgment, giving deference to the trial court as the sole
trier of facts, the credibility of the witnesses, and the weight to be given to
the evidence presented.  Jackson v.
State, 915 S.W.2d 104, 105B06 (Tex. App.CSan Antonio 1996, no pet.); Russell v. State, 685
S.W.2d 413, 419 (Tex. App.CSan Antonio), aff=d, 702 S.W.2d 617 (Tex. Crim. App. 1985).  A revocation hearing is an administrative hearing
rather than a criminal trial, thus the State is only required to prove a
probation violation by a preponderance of the evidence.  Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993); Galvan v. State, 846 S.W.2d 161, 162 (Tex. App.CHouston [1st Dist.] 1993, no
pet.).  Therefore, if the great weight of
the evidence creates a reasonable belief that the defendant violated the
conditions of his probation, there is no abuse of discretion.  See Scamardo v. State, 517 S.W.2d 293,
298 (Tex. Crim. App. 1974).








Appellant contends a rational trier of fact could not have
found that appellant knew or should have known Ms. Kennedy would regard the
contact as offensive or provocative.  We
disagree.  In her statement, Ms. Kennedy
asserts that she did not want appellant=s help.  Further, according to Mrs. Morris, appellant
admitted  that he had touched Ms. Kennedy=s breast.  At the revocation hearing, appellant admitted
touching only the side of Ms. Kennedy=s bra, though he contends that he did
so to prevent her from falling. 
Reviewing the evidence in a light most favorable to the trial court=s findings, we hold that a rational
trier of fact could have found by a preponderance of evidence that appellant is
guilty of offensive touching, a Class C Misdemeanor.  A condition of appellant=s probation was that he not commit
another offense.  We are guided by the
standard that proof of any one alleged violation is sufficient to support
revocation.  Alexander v. State,
879 S.W.2d 338, 340 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d). 


Accordingly, the judgment of the trial court is affirmed.

 

 

/s/        Charles W.
Seymore

Justice

 

Judgment rendered and Opinion filed November 27, 2002.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P.
47.3(b).