NUMBER 13-03-491-CR

 

COURT OF APPEALS

 

                                 THIRTEENTH
DISTRICT OF TEXAS

 

                                   CORPUS
CHRISTI B EDINBURG

 

 

 

JOHNNY JOE DAVILA,                                                                    Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

 

 

                                     On appeal from the 36th District Court 

                                    of
San Patricio County, Texas.

 

 

 

                                                O P I N I O N

 

            Before Chief Justice Valdez
and Justices Hinojosa and Baird[1]

                                         Opinion
by Justice Baird








Appellant was charged by indictment with the
offense of aggravated assault.  Pursuant
to a plea bargain with the State, appellant pled guilty to the charged
offense.  The trial judge found appellant
guilty and assessed punishment at ten years confinement in the Texas Department
of Criminal JusticeBInstitutional Division and a fine of
$1,000.  However, the trial judge
suspended imposition of the sentence and placed appellant on community
supervision for a period of ten years. 
The State subsequently filed a motion to revoke appellant=s community supervision.  After conducting a hearing, the trial judge
granted the motion, revoked appellant=s community supervision, and assessed
punishment at ten years confinement.  We
affirm.

The sole allegation in the State=s motion to revoke community supervision was
that appellant committed the offense of capital murder.  Appellant and his brother were charged with
the same offense and tried jointly. 
Prior to the capital murder trial, the trial judge began the hearing on
the State=s motion to revoke community
supervision.  Following appellant=s plea of not true, the trial judge recessed
the hearing and stated that he would consider the motion while hearing the
evidence admitted during the capital murder trial.

The alleged capital murder involved a double
murder which occurred following a fight at a birthday party for appellant=s niece B the daughter of appellant=s brother, Gilbert Davila.  The State=s theory of prosecution was that appellant
left the party with the complainants who were seated in the front seat of
Gilbert=s vehicle. 
Appellant and Gilbert returned a short time later, admitted to killing
the complainants, bathed, burned their clothes, and altered the interior of the
vehicle to remove evidence of the crime. 
The complainants= bodies were found the following day beside
the roadway.  Appellant and Gilbert
testified they had nothing to do with the murders.  The jury accepted the State=s theory of prosecution, rejected the
defensive testimony, and convicted appellant of capital murder.[2]  The evidence will be developed more fully
below.








After that trial, the hearing on the State=s motion to revoke appellant=s community supervision resumed.  The probation officer identified appellant as
the person named in the motion to revoke community supervision.  The trial judge granted the motion and
assessed appellant=s punishment at ten years confinement.

Appellant=s two points of error challenge the legal
and factual sufficiency of the evidence to support the revocation of his
community supervision.  In a proceeding
to revoke community supervision, the burden of proof is on the State to show by
a preponderance of the evidence that the probationer violated a condition of
probation as alleged in the motion to revoke. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The State satisfies this burden when the
greater weight of credible evidence before the court creates a reasonable
belief that it is more probable than not that a condition of probation has been
violated as alleged in the motion to revoke.  Joseph v. State, 3 S.W.3d 627, 640 (Tex.
App.BHouston [14th Dist.] 1999, no pet.).  

In reviewing the legal sufficiency of the
evidence to support the revocation, appellate courts review the evidence in the
light most favorable to the judgment, giving deference to the trial court as
the sole trier of facts, the credibility of the witnesses, and the weight to be
given to the evidence presented.  Russell v. State, 685 S.W.2d 413, 419
(Tex. App.BSan Antonio 1985, pet. ref'd); see Jones
v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).  This review is conducted under the abuse of
discretion standard.  Naquin v. State,
607 S.W.2d 583, 586 (Tex. Crim. App. 1980). 
When the standard of review is abuse of discretion, the record must
simply contain some evidence to support the decision made by the trial court.  Brumbalow v. State, 933 S.W.2d 298,
300 (Tex. App.BWaco 1996, pet. ref'd).








When a defendant challenges the factual
sufficiency of the evidence to support the conviction, we apply the standard
announced in Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996), and refined in Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997): (a) we assume the evidence is legally sufficient; (b) we then
consider all of the record evidence, not just the evidence which supports the
verdict; (c) we review the evidence weighed by the fact-finder which tends to
prove the existence of the fact in dispute, and compare it to the evidence
which tends to disprove that fact; and (d) we set aside the verdict only if it
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  See Santellan,
939 S.W.2d at 164.

Appellant asks us to apply this standard of
review to the trial judge=s decision to revoke the community supervision.  Several of our sister courts have determined
that the Clewis line of cases does not apply to appellate review of the
decision to revoke community supervision. 
Brooks v. State, 153 S.W.3d 124, 126 (Tex. App.CBeaumont 2004, no pet.); Pierce v. State,
113 S.W.3d 431, 436 (Tex. App.CTexarkana 2003, pet. ref=d); Cochran v. State, 78 S.W.3d 20,
27 (Tex. App.CTyler 2002, no pet.); Becker v. State,
33 S.W.3d 64, 66 (Tex. App.CEl Paso 2000, no pet.); Allbright v.
State, 13 S.W.3d 817, 818 (Tex. App.CFort Worth 2000, pet. ref'd); Johnson v.
State, 943 S.W.2d 83, 85 (Tex. App.BHouston [1st Dist.] 1997, no pet.); Brumbalow
v. State, 933 S.W.2d 298, 299-300 (Tex. App.BWaco 1996, pet. ref'd)).  Appellant does not challenge these holdings
nor does he attempt to distinguish them from the instant case.  We find these cases persuasive, and
consequently, we hold appellant has no right to a factual sufficiency review of
a trial judge=s decision to revoke community
supervision.  Accordingly, the second
point of error is overruled.








We now turn to appellant=s legal sufficiency challenge.  Joe Rendon testified that  appellant admitted shooting the
complainants.  According to Rendon,
appellant said he shot the male complainant once and shot the female
complainant twice because the first shot went all the way through her into the
dashboard.  Rendon=s testimony is corroborated by Dr. Ray
Fernandez of the Nueces County Medical Examiner=s Office who testified the male complainant
died from a single gunshot wound and the female complainant died as a result of
two gunshot wounds to the head.  One
wound was described as a Aperforating gunshot wound@ which means the projectile Awent in and out, through and through the
body.@

When this evidence is viewed in the light
most favorable to the prosecution, we find the State=s evidence was sufficient to create a
reasonable belief that it is more probable than not that appellant violated the
condition of community supervision as alleged in the motion to revoke, namely
the offense of capital murder.  Joseph,
3 S.W.3d at 640.  Consequently, we hold
the evidence is legally sufficient to support the revocation of appellant=s community supervision.  Appellant=s first point of error is overruled.

The judgment of the trial court is affirmed.

 

 

                                                   


CHARLES F. BAIRD

Justice

 

 

Publish.  

Tex. R. App. P. 47.2(b).

 

Opinion delivered and filed this

the 31st day of August, 2005.











[1]Former Texas Court of Criminal
Appeals Judge Charles F. Baird assigned to this Court by the Chief
Justice of the Supreme Court of Texas.  See
Tex. Gov=t Code Ann. ' 74.003 (Vernon Supp. 2004-05).





[2]The State did not seek the
death penalty. The trial judge automatically assessed punishment at confinement
for life.