OPINION HEADING PER CUR 









                NO. 12-06-00429-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

KATRINA
HALL PELLUM,            §          APPEAL FROM THE 

APPELLANT

 

V.        §          COUNTY
COURT AT LAW OF

 

THE
STATE OF TEXAS,

APPELLEE   §          CHEROKEE
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            This is an appeal from an order granting the State’s
application to revoke community supervision. 
In two issues, Appellant Katrina Hall Pellum challenges the legal and
factual sufficiency of the evidence.  In
a third issue, Appellant complains that the court erred in revoking her
probation for failure to report to her probation officer, because it was
conclusively established that no officer with the power of arrest under a
warrant issued by a judge for the alleged probation violation attempted to
contact Appellant in person at her last known address.  We affirm.

 

Background

            Appellant pleaded guilty on October 19, 2005 to the
offense of assault causing bodily injury, a class A misdemeanor.  The court found Appellant guilty and assessed
her punishment at a fine of $500 and 360 days of confinement in the Cherokee
County jail.  The court suspended the
imposition of sentence and placed Appellant on community supervision for twelve
months.  She was also ordered to perform
120 hours of community service.








            On June 19, 2006, the State filed an application to
revoke Appellant’s community supervision alleging that Appellant, in violation
of the conditions of her community supervision had (1) failed to report to her
probation officer in December 2005 and in January, March, April, and May 2006,
(2) failed to pay the twenty dollar monthly supervision fee ordered, (3) failed
to pay her fine at the rate of fifty dollars a month, (4) failed to pay the
court costs at the rate of twenty six dollars a month, (5) failed to pay a time
fee of twenty five dollars at the rate of five dollars each month, (6) failed
to attend anger management classes, and (7) failed to perform any of the 120
hours of community service at the rate of sixteen hours per month.

            Andretta White, Appellant’s probation officer, identified
Appellant in court.  She testified that
Appellant had reported only twice since being placed on community supervision,
in November 2005 and February 2006. 
Otherwise Appellant had complied with none of the conditions of
community service that the State had alleged she violated.  Ms. White did acknowledge that Appellant had
paid $120 of the $621 due as restitution.

            Ms. White told the court that Appellant had been employed
at Manpower.  During Appellant’s initial
visit, Appellant had told Ms. White that she had recently undergone surgery on
her hands and had suffered seizures, conditions that might at least temporarily
interfere with her ability to work.  Ms.
White asked Appellant to bring or send confirmation of her medical condition
and associated physical limitations from her doctor, but no such verification
was ever received.  For her community
service, Appellant was tentatively assigned to do light duty at the Cherokee
County Annex Building.  On February 21,
2006, during Appellant’s second and last visit to the probation department, Ms.
White reminded Appellant of her obligation to complete the community service
hours ordered by the court.  Appellant
never reported to perform any of the 120 hours of community service ordered by
the court.

            On redirect examination, Andretta White conceded that no
attempt had been made to contact Appellant in person at the address listed in
the file.

            Appellant’s mother, Bennie Hall, testified that she was
in declining health because of multiple ailments, and that Appellant took care
of her.  She told the court that
Appellant was her “sole responsible care giver,” that Appellant had been
trained in the use of the machine used to formulate her medicine, and that
Appellant was the only person who knew how to administer her medicine.  Despite her stated dependency upon Appellant,
however, she somehow managed without her during the twenty or thirty days
Appellant was in jail prior to the revocation hearing.  Appellant’s mother testified that, beyond
taking care of her, Appellant was unable to work because of her hands, that
they had no reliable transportation, and that Appellant’s sole income was $200
per month child support.  She
acknowledged they had a telephone in her home that Appellant could have used to
talk to the probation department. 
Appellant’s mother was unaware that Appellant was on probation, although
she recalled that Appellant was supposed to attend anger management
classes.  She also remembered that two
months prior to the hearing she had made Appellant’s bond after Appellant had
been arrested for possession of marijuana. 
For most of the time since being placed on community service, Appellant
had lived with her mother, not at the address she gave when she was placed on
community service.

            Appellant did not testify.

Standard of Review

            “Appellate review of an order revoking probation is
limited to abuse of the trial court’s discretion.”  Rickels v. State, 202 S.W.3d
759, 763 (Tex. Crim. App. 2006) (quoting Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984)). 
In reviewing the sufficiency of the evidence to support the revocation
of community service, appellate courts review the evidence in the light most
favorable to the judgment, giving deference to the trial court as the sole
trier of facts, the credibility of the witnesses, and the weight to be given to
the evidence presented.  Russell v.
State, 685 S.W.2d 413, 419 (Tex. App.–San Antonio), pet. ref’d per
curiam, 702 S.W.2d 617 (Tex.  Crim.
App. 1985).  Under the abuse of
discretion standard, the record must contain some evidence to support the trial
court’s decision.  Brooks v. State,
153 S.W.3d 124, 127 (Tex. App.–Beaumont 2004, no pet.); Becker v. State,
33 S.W.3d 64, 66-67 (Tex. App.–El Paso 2000, no pet.).  The general standards for reviewing factual
sufficiency do not apply in probation revocation cases.  Pierce v. State, 113 S.W.3d
431, 436 (Tex. App.–Texarkana 2003, pet. ref’d); Cochran v. State,
78 S.W.3d 20, 27 (Tex. App.–Tyler 2002, no pet.).

Applicable Law

            The State has the burden of establishing the alleged
violations of the conditions of probation by a preponderance of the
evidence.  Cobb v. State,
851 S.W.2d 871, 873 (Tex. Crim. App.); Cochran, 78 S.W.3d at
28.  Because a probation revocation
hearing is an extension of the original sentencing portion of a defendant’s
trial, formal proof of the judgment of the conviction and the terms of
probation is not necessary.  Cobb,
851 S.W.2d at 873-74.  The State must
prove the identity of the probationer, and that the probationer violated a
condition of the probation order.  Id.
at 874.  Proof of a violation of a single
condition of probation is sufficient to support a trial court’s decision to
revoke.  Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Cochran, 78 S.W.3d at
28.

            The code of criminal procedure provides an affirmative
defense to revocation on the grounds that the probationer failed to report to
his supervisor or remain in a specified place.

 

[I]t
is an affirmative defense to revocation for an alleged failure to report to a
supervision officer as directed or to remain within a specified place that a
supervision officer, peace officer, or other officer with the power of arrest
under a warrant issued by a judge for that alleged violation failed to contact
or attempt to contact the defendant in person at the defendant’s last known
residence address or last known employment address, as reflected in the files
of the department serving the county in which the order of community
supervision was entered.

 

Tex.
Code Crim. Proc. Ann. 42.12 § 24 (Vernon 2006).  Section 21(c) of article 42.12 provides that
when it is alleged that the defendant violated the conditions of community supervision
by failing to pay appointed counsel, fees, court costs, restitution or
reparations, the inability of the defendant to pay as ordered is an affirmative
defense to revocation, which the defendant must prove by a preponderance of the
evidence.  Tex. Code Crim. Proc. Ann. 42.12 § 21(c) (Vernon 2006).

Discussion

            In her first issue, Appellant challenges the factual
sufficiency of the evidence supporting the trial court’s order revoking
community supervision.  Appellant’s
argument assumes that the standard of review applicable to factual sufficiency
challenges in appeals from judgments of conviction is equally applicable in
appeals from an order revoking community service.  The appropriate standard of review in revocation
cases is “abuse of discretion.”  Cobb,
851 S.W.2d at 873.  Appellant’s first
issue is without merit and is overruled.

            In her second issue, Appellant contends the evidence is
legally insufficient to support the trial court’s order.  We shall review the sufficiency of the
evidence under an abuse of discretion standard.

            Appellant first complains that the State did not
introduce into evidence the misdemeanor community supervision order nor did the
State request the court to take judicial notice of its order.  Because of the trial court’s continuing
jurisdiction in cases wherein community supervision has been granted, formal
proof of the underlying conviction and the conditions of probation is not
necessary.  Cobb, 851
S.W.2d at 873-74.  “[A]s long as the
judgment and order of probation appear in the record on appeal, the State is
not required to introduce the documents into evidence.”  Cobb, 851 S.W.2d at 874.  The Misdemeanor Community Supervision Order
in this case is included in the record on appeal.

            Andretta White, Appellant’s probation officer, testified
that she knew Appellant.  Appellant
reported to her in November shortly after she was placed on community
supervision and again in February. 
Appellant informed Ms. White of her hand surgery.  Appellant’s mother also testified that
Appellant had undergone surgery on her hands. 
Ms. White testified that Appellant paid $120 in restitution to the
victim of the assault for which she was convicted.  Appellant enrolled in an anger management
class as ordered by the court, although she failed to attend the classes.  We conclude Appellant’s identity as the same
person found guilty of assault and placed on community supervision was well
established.  

            Under this issue, Appellant also maintains that the State
failed to prove that her failure to pay the fine, fees, and costs was
intentional.  Appellant’s mother
testified that although Appellant was her “sole responsible care giver,”
Appellant was otherwise unable to work because of the painful condition of her
hands.  Appellant’s mother also told the
court that neither she nor Appellant had a reliable means of transportation and
that Appellant’s only income was $200 child support each month.  

            Appellant never produced any verification of her medical
problems and disability from her physician although her probation officer asked
her to provide it on both of Appellant’s visits.  Appellant was apparently employed by Manpower
when she pleaded guilty to the assault. 
Although she had access to the telephone where she lived, she never
called her probation officer to discuss or excuse her inability to pay the
various monthly amounts ordered.  There
is no evidence that during the time she was on community service, she
unsuccessfully sought employment. 
Appellant never reported to perform her community service nor did she
call to explain her failure.

            Appellant was capable, even by her mother’s account, of
cooking, washing, caring for her children, operating the machine that
formulated her mother’s medicine, and administering that medicine.  She was able on at least one occasion to
purchase marijuana.

            In a revocation proceeding, the trial judge is the sole
trier of fact and is in the best position to judge the credibility of the
witnesses and determine the weight to be given their testimony.  Davila v. State, 173 S.W.2d
195, 197 (Tex. App.–Corpus Christi 2005, no pet.).  The trial court was unconvinced by the
testimony of Appellant’s mother, and specifically found that Appellant had
failed to present credible evidence of her inability to pay.  We defer to that determination.

            The evidence is clearly established that Appellant failed
to attend anger management classes. 
There is no evidence explaining or attempting to excuse this failure.

            As urged in her third issue, Appellant established her
due diligence defense to revocation because of her failure to report to her
supervision officer.  Andretta White
testified that the files of her department did not reflect that a supervision
officer, peace officer, or other officer with the power of arrest under a
warrant issued by a judge had attempted to contact Appellant in person at her
last known address.  Therefore,
revocation of Appellant’s community service solely on the basis of her failure
to report would not have been justified.

            The State, however, established by a preponderance of the
evidence Appellant’s violation of six other conditions of community
service.  Proof of the violation of even
one condition is sufficient.  Cochran,
78 S.W.3d at 28.  The trial court did not
abuse its discretion in revoking Appellant’s community service.

 

Disposition

            The judgment is affirmed.

 

                                                                                                     BILL BASS    

                                                                                                            Justice

 

Opinion
delivered August 8, 2007.

Panel
consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

(DO NOT PUBLISH)