

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00214-CR

**CHRISTOPHER LEE PICKETT,**

                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                            **Appellee**

---

**From the 278th District Court**
**Leon County, Texas**
**Trial Court No. CM-10-483**

---

## MEMORANDUM OPINION

---

Christopher Lee Pickett pled guilty to the offense of aggravated assault with a deadly weapon/family violence. TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(1) (West 2011). Pursuant to a plea bargain, a finding of guilt was deferred and Pickett was placed on community supervision for 10 years. Four months later, the State filed a motion to adjudicate alleging, among other violations, that Pickett violated his terms of community supervision by committing the offenses of driving while intoxicated and aggravated assault with a deadly weapon. After a hearing, the trial court revoked

Pickett's community supervision, found Pickett guilty, and sentenced him to 50 years in prison. Because the trial court did not abuse its discretion in revoking Pickett's community supervision and adjudicating Pickett guilty, we affirm the trial court's judgment.

The decision to proceed to adjudication of guilt is reviewable in the same manner as a revocation of "ordinary" community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2013); *Duncan v. State*, 321 S.W.3d 53, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We review a decision to revoke community supervision, and by extension a decision to adjudicate, for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Duncan*, 321 S.W.3d at 56-57.

In his first issue, Pickett argues that the trial court abused its discretion in adjudicating Pickett guilty when the trial court made no findings on the record or in written findings of fact that Pickett violated terms of his community supervision.

The minimum requirements of due process that must be observed in community supervision revocation hearings include a written statement by the fact finder as to the evidence relied on and the reasons for revoking community supervision. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). Texas courts, however, require a defendant to make a request for specific findings. *King v. State*, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983). In the absence of such a request, "[a]n order revoking

probation is sufficient, even though it does not recite the findings and conclusions upon which the trial court acted." *Id.* n2.

In this case, Pickett did not request specific findings. Moreover, the judgment recites that Pickett violated the terms and conditions of community supervision as set out in the State's amended motion to adjudicate guilt, and the State's motion to adjudicate is attached to the judgment. We conclude the judgment adjudicating guilt satisfies minimum due process requirements. *See King*, 649 S.W.2d at 46; *Russell v. State*, 685 S.W.2d 413, 417-418 (Tex. App.—San Antonio 1985) *aff'd*, 702 S.W.2d 617 (Tex. Crim. App. 1985) (finding in court's order revoking probation that the evidence sustained the violations alleged satisfies due process). *See also Lindsay v. State*, No. 03-10-00817-CR, 2012 Tex. App. LEXIS 7541 (Tex. App.—Austin Aug. 28, 2012, no pet.) (not designated for publication); *Albolaez v. State*, No. 05-09-01355-CR, 2011 Tex. App. LEXIS 1014, 9-10 (Tex. App.—Dallas Feb. 11, 2011, no pet.) (not designated for publication).

Thus, the trial court did not abuse its discretion, and Pickett's first issue is overruled.

In his third and fourth issues, Pickett contends the State failed to prove the alleged violations of his community supervision, that being committing the offense of driving while intoxicated and failing to pay his supervision fees. He also contends in his second issue that the trial court erred in taking judicial notice of proceedings to

support another violation of his community supervision, that being committing the offense of aggravated assault with a deadly weapon.[1]

Even if these contentions are true, they do not call for reversal of the revocation. Along with these other violations, the trial court also found that Pickett violated his community supervision by failing to abstain from the use of alcohol and failing to perform his community service hours. Pickett does not challenge these grounds for revocation.

The violation of a single condition of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). The trial court's judgment should be affirmed if the appellant does not challenge all of the grounds on which the trial court revoked community supervision. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("Thus, in order to prevail, appellant must successfully challenge all the findings that support the revocation order."); *see York v. State*, No. 10-05-00256-CR, 2006 Tex. App. LEXIS 7284

---

[1] Although we do not rely upon it to affirm the revocation order, we note that in a separate appellate proceeding, 10-12-00215-CR, we have on this date also affirmed Pickett's conviction for aggravated assault with a deadly weapon against a person with whom he had a dating relationship. *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(1) (West 2011).

(Tex. App.—Waco Aug. 16, 2006, no pet.) (not designated for publication); *Baxter v. State*, 936 S.W.2d 469, 472 (Tex. App.—Fort Worth 1996), *pet. dism'd as improvidently granted*, 960 S.W.2d 82 (Tex. Crim. App. 1998).

The community supervision officer testified that Pickett was required to perform community service hours. The officer had not received any verification that Pickett had completed any hours. This testimony is sufficient to support the trial court's revocation of Pickett's community supervision.

Because Pickett did not challenge all of the grounds on which the trial court revoked Pickett's community supervision, Pickett's remaining issues are overruled and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed December 27, 2013
Do not publish
[CRPM]