NO. 07-10-0119-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 7, 2011

_____

CHARLES RONALD GATLIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 5800; HONORABLE LEE WATERS, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Charles Ronald Gatlin challenges the trial court's order revoking his probation and sentencing him to ten years confinement for the offense of aggravated sexual assault. In doing so, he contends that the sentence is void because a prior adjudication of guilt was rendered outside of the original probationary period. We overrule the issue and affirm the judgment.

*Background*

On November 22, 2000, appellant was placed on deferred adjudication probation for six years pursuant to a plea bargain agreement. The State subsequently sought to proceed with adjudication. On June 6, 2001, the trial court not only continued to defer the adjudication of appellant's guilt but also extended his probation to June 5, 2011, per an agreement of the parties. In 2008, the State again moved to adjudicate appellant's guilt. The trial court granted the motion and convicted him of aggravated sexual assault. Then, the sentence was suspended, and appellant was assessed probation for five years. Eventually, appellant's probation was revoked, which resulted in a ten-year prison sentence.

*Failure to Make Finding of Endangerment to the Public*

Appellant argues that at the time his community supervision was initially extended in 2001, the trial court did not affirmatively find that the failure to extend his probationary period would endanger the public; thus, it allegedly could not extend his probation. We disagree.

According to statute, a trial court may extend the community supervision of a defendant granted deferred adjudication for aggravated sexual assault at any time during the period of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 §22A(a) (Vernon Supp. 2010). However, doing so depends upon whether at a hearing it "determines that the defendant has not sufficiently demonstrated a commitment to avoid future criminal behavior and that the release of the defendant from supervision would endanger the public . . . . " *Id.* §22A(b). Appellant argues that such a determination must be made manifest by an actual affirmative finding. And, because no such finding was uttered or executed by the trial judge here, it could neither extend his community

2

supervision or ultimately sentence him to prison after the original term of supervision expired. Sadly, he cites no authority supporting that conclusion. Nor did we find any. This may be because the plain wording of the statute in question says nothing about a "finding" or the trial court's execution of one. It simply permits the modification of the probationary term if the court "determines" that the prerequisites exist. And, while a finding would encompass a determination, a determination does not necessarily encompass a "finding," as the latter term is understood in legal jargon.

Moreover, when the legislature has wanted the trial court to execute an affirmative finding after making a particular determination, it has so specified. One need only read articles 42.012, 42.013, 42.014, and 42.015 of the Texas Code of Criminal Procedure to realize that. Through each, we are told that if the trial court "determines" a particular fact exists, it must also make an "affirmative finding" of that fact. *Id.*; see *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex. 1981) (noting one rule of statutory construction to be that the legislature's use of particular verbiage in one part of a statute while omitting it from another evinces an intent that the provision omitting the word should not be read as including it). Given that judges lack the authority to add in what the legislature left out of a statute, we conclude that §22A(b) imposes no obligation upon a trial court to make affirmative findings relating to the existence of the factors expressed in that statute.

Finally, appellant does not argue that the trial court lacked sufficient evidentiary basis to determine that the criteria of §22A(b) were met. So, we need not address that.

Accordingly, we affirm the judgment.


Brian Quinn
Chief Justice

Publish.

3