*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## OPINION

Nos. 04-11-00861-CR, 04-11-00862-CR

Laquida A. **SAULS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0236
Honorable Philip Kazen, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:       Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  October 3, 2012

AFFIRMED

Appellant Laquida Sauls pled guilty to theft. Later, the State moved to revoke her community supervision and adjudicate her guilt. The trial court granted the State's motion, and Sauls appeals. For the reasons stated below, we affirm the trial court's judgments.

### BACKGROUND

Sauls pled guilty to theft, a state jail felony offense. As part of the plea agreement, the court deferred adjudication and placed her on community supervision for five years. Several

months later, the State alleged that Sauls committed multiple violations of the conditions imposed by her community supervision, including a new allegation of theft, and moved the court to revoke her community supervision and adjudicate her guilt. Sauls pled "true" to the new theft allegation. The trial court revoked her community supervision, adjudicated her guilt, and sentenced her to confinement for eighteen months in a state jail facility. Sauls did not request, and the trial court did not make, specific findings that revoking her community supervision would be in her best interest and in society's best interest. Sauls appeals the trial court's judgments.

## STANDARD OF REVIEW

We review a trial court's judgment revoking community supervision and adjudicating guilt for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Reasor v. State*, 281 S.W.3d 129, 131 (Tex. App.—San Antonio 2008, pet. ref'd). A court may revoke community supervision and adjudicate the defendant's guilt if it finds that the defendant has violated even one condition imposed by her community supervision. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978); *Reasor*, 281 S.W.3d at 132.

## ANALYSIS

### A. Applicable Law

Generally, one prerequisite to preserve a claim of error for appellate review is that the record must show the complaining party made "a timely request, objection, or motion" to the trial court that specifically stated the party's complaint. *See* TEX. R. APP. P. 33.1(a)(1); *Garza v. State*, 126 S.W.3d 79, 81–82 (Tex. Crim. App. 2004). An error not preserved in a revocation hearing may be waived. *See Mendez v. State*, 138 S.W.3d 334, 340–41 (Tex. Crim. App. 2004) (noting that, for forfeitable rights, failure to comply with Rule 33.1(a)'s requirements will not

preserve a complaint for appellate review); *Hardman v. State*, 614 S.W.2d 123, 126–27 (Tex. Crim. App. [Panel Op.] 1981) (rejecting an alleged error raised for the first time on appeal because the appellant failed to raise his concern at his revocation hearing). Moreover, if the defendant fails to request specific findings, "the failure of the trial court to make specific findings in the order revoking probation is not reversible error." *Russell v. State*, 685 S.W.2d 413, 417 (Tex App.—San Antonio 1985, pet. ref'd), *cert. denied*, 479 U.S. 885 (1986); *King v. State*, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983).

**B. No Error**

In her sole issue on appeal, Sauls contends that the trial court erred in revoking her community supervision without making a specific finding that revocation was in the best interest of the defendant and society. Sauls asserts that such a finding is implicitly required by article 42.12 of the Texas Code of Criminal Procedure, which provides in pertinent part as follows:

> [W]hen in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West 2006).

*1. Implicit Requirement*

The plain language of article 42.12 does not require a trial court, prior to revoking community supervision, to make a specific finding on whether revocation and adjudication is in the best interest of the defendant and society. *See id.* Further, Sauls has not cited, nor have we found, any authority that requires such a finding. If the legislature had intended such a requirement, it could have expressed its intent in the statute's plain language. *Cf. id.* § 5(e) (requiring the court to make a finding of fact if placing a defendant convicted of certain crimes

against children on community supervision); *id.* § 5(g) (requiring a finding of fact in certain cases of indecency with a child and sexual assault); *id.* § 5(i) (requiring a finding of fact in cases involving, e.g., human trafficking). The legislature did not require a specific finding on best interest, and we will not create such a requirement. *See Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001) ("Ordinarily when the [l]egislature has used a term in one section of a statute and excluded it in another, we will not imply the term where it has been excluded."); *Gatlin v. State*, 338 S.W.3d 614, 615 (Tex. App.—Amarillo 2011, pet. ref'd) (noting that where the legislature has employed a term in a certain section of a statute but excluded it from another, "judges lack the authority to add in [to the statute] what the legislature left out").

*2. Waiver*

Moreover, Sauls did not ask the trial court to make a finding on whether revocation was in the best interest of the defendant and society. Accordingly, Sauls failed to preserve her complaint for appellate review, and we will not reverse the trial court's judgments on the basis that it failed to make such a finding. *See* TEX. R. APP. P. 33.1(a)(1); *Garza*, 126 S.W.3d at 81–82; *Russell*, 685 S.W.2d at 417.

## CONCLUSION

We hold that article 42.12 does not require the trial court to make a specific finding on whether revocation and adjudication is in the defendant's or society's best interest before it revokes community supervision and adjudicates the defendant's guilt. Further, Sauls did not request such a finding. Thus, the trial court did not abuse its discretion by revoking Sauls's community supervision and adjudicating her guilt without making findings of fact that were neither required nor requested. Therefore, we affirm the trial court's judgments.

Rebecca Simmons, Justice

PUBLISH