

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00709-CR

Marcellous A. **BATTLE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR8393
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Irene Rios, Justice

Delivered and Filed:  July 19, 2017

AFFIRMED

Marcellous Battle appeals the revocation of his community supervision, contending that

the State failed to show it exercised due diligence in attempting to contact Battle at his last known

address or place of employment before moving to revoke his community supervision, and that the

trial court therefore abused its discretion in revoking his community supervision.  We affirm the

judgment of the trial court.

## BACKGROUND

On October 1, 2015, Battle entered into a plea bargain agreement and pled no contest to the charge of possession of a controlled substance. The trial court sentenced Battle to two years' confinement in a state jail facility, suspended and probated for two years. One of the conditions of Battle's community supervision, Condition No. 5A, required Battle to attend orientation at the Bexar County Community Supervision and Corrections Department on October 1, 2015. Battle did not attend the orientation, and on October 26, 2015, the State filed a motion to revoke Battle's community supervision.

On September 9, 2016, at the hearing on the motion to revoke community supervision, Battle entered a plea of "true" to violating Condition No. 5A. Battle explained he did not attend orientation as required because he took his wife to the hospital immediately following court on October 1, 2015. The State provided testimony that it attempted to contact Battle at the phone number he provided, leaving a voicemail. Battle testified he did not receive the message because he no longer had the phone number he provided to the probation official. Based on Battle's plea, the trial court found Battle's violation of Condition No. 5A, as alleged in the State's motion, to be true and revoked Battle's community supervision, sentencing him to eighteen months' confinement in a state jail facility. Battle timely appealed.

## STANDARD OF REVIEW

In a proceeding to revoke community supervision, the State must prove, by a preponderance of the evidence, the defendant violated a term or condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). The State meets its burden when the greater weight of the evidence creates a reasonable belief that the defendant committed the violation alleged in the State's motion to revoke. *Id.* at 764; *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.). Our review of an order revoking

community supervision is limited to determining whether the trial court abused its discretion. *Rickels*, 202 S.W.3d at 763.

## DISCUSSION

Citing to Article 42.12, Section 24 of the Code of Criminal Procedure, Battle contends the State failed to exercise due diligence in contacting him before filing a motion to revoke for his failure to report for probation orientation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (West Supp. 2016). Battle claims the State's failure to exercise due diligence in contacting him constitutes an affirmative defense to the offense of failure to report. As the State points out, Battle failed to preserve this issue at trial. He has thus waived his complaint on appeal. *See Sauls v. State*, 384 S.W.3d 862, 863 (Tex. App.—San Antonio 2012, no pet.) ("An error not preserved in a revocation hearing may be waived."). But even if Battle had preserved the issue for our review, his reliance on Section 24 is misplaced.

Article 42.12, Section 24 provides:

> For the purposes of a hearing under Section 5(b) or 21(b-2), it is an affirmative defense to revocation for an alleged failure to report to a supervision officer as directed or to remain within a specified place that a supervision officer, peace officer, or other officer *with the power of arrest under a warrant* issued by a judge *for that alleged violation* failed to contact or attempt to contact the defendant in person at the defendant's last known residence address or last known employment address, as reflected in the files of the department serving the county in which the order of community supervision was entered.

*Id.* (emphasis added).

The statute is directed at the issue of the trial court's jurisdiction over a motion to revoke beyond expiration of the term of community supervision. The application of Section 24 is limited to "those instances in which the State has timely alleged violations but has not arrested the defendant before the community-supervision period has expired." *Garcia v. State*, 387 S.W.3d 20, 25 (Tex. Crim. App. 2012). Section 24, enacted in 2003, replaced the common-law rule that a

trial court's jurisdiction did not extend beyond the expiration of a defendant's community supervision unless a motion to revoke had been filed and a capias or arrest warrant issued within the supervision period; therefore, it was a defense to revocation that the State had failed to exercise due diligence in issuing the warrant and apprehending the defendant before expiration of the supervision period. *Id.* at 22. Section 24 replaced the common-law due-diligence scheme with a more limited affirmative defense. *Id.* at 23-24 (noting the provision is more favorable to the State in three ways: by making due diligence an affirmative defense, thereby shifting the burden to the defendant; by limiting the State's due diligence duty to "contacting or attempting to contact" the defendant at his last-known address instead of a duty to reasonably apprehend; and by restricting its application to only two types of revocation allegations, failure to report and failure to remain in a specified place). Thus, contrary to Battle's argument, Section 24's due diligence requirement only applies "to the State's duty to timely serve the arrest warrant on a defendant in order to extend the trial court's jurisdiction beyond expiration of the original community supervision term." *Roper v. State*, No. 06-15-00077-CR, 2016 WL 398401, at *4 (Tex. App.—Texarkana Feb. 1, 2016, no pet.) (mem. op., not designated for publication); *Cuevas v. State*, No. 13-13-00554-CR, 2015 WL 4141109, at *4 (Tex. App.—Corpus Christi July 9, 2015, no pet.) (mem. op., not designated for publication) (same). Section 24 does not place a duty on the State to track down the probationer and make sure that he reports to his community supervision officer as ordered. *See Roper*, 2016 WL 398401, at *4.

Here, as in *Cuevas*, Battle conceded that he did not attend the required orientation meeting and the record shows the revocation hearing took place prior to the expiration of his period of community supervision. *See Cuevas*, 2015 WL 4141109, at *4. Therefore, there is no question that the trial court had jurisdiction over Battle's community supervision because the State filed the alleged violations and arrested Battle within the term of Battle's community supervision.

Therefore, the due diligence defense provided by section 24 does not apply in Battle's case. *Garcia*, 387 S.W.3d at 25.

If no affirmative defense is raised, the State is only required to prove, by a preponderance of the evidence, the alleged violations. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). A plea of true, standing alone, is sufficient to support the trial court's order of revocation. *Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.). Battle entered a plea of "true" to violating Condition No. 5A. In addition, Battle testified that he did not attend orientation on October 1, 2015 and that he had not attended orientation in the over one-year period since he was placed on probation. The probation liaison testified that Battle was informed at the revocation hearing that he was required to attend orientation that day, but never did. We conclude that Battle's plea of true to the probation violation, along with his testimony and that of the probation liaison, is sufficient to support the trial court's decision. *See id*. Therefore, we conclude the trial court did not err in revoking Battle's community supervision.

## CONCLUSION

Based on the foregoing, we overrule Battle's sole issue on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH