

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00198-CR

RODRICK HIGH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2013-439,044, Honorable John J. "Trey" McClendon III, Presiding

June 19, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Rodrick High, appellant, appeals the revocation of his community supervision. He asserts that the State failed to show it exercised due diligence in attempting to contact him at his last known address or place of employment before moving to revoke his community supervision, and that the trial court therefore abused its discretion in granting the motion to revoke. We affirm the trial court's judgment.

## Background

On September 12, 2013, appellant pleaded guilty to a theft charge and entered into a plea bargain agreement. The trial court sentenced appellant to two years' confinement in a state jail facility, but suspended and probated the imposition of the sentence for four years. As one of the conditions of his community supervision, appellant was required to report to the community supervision officer at least once every month. He complied with this requirement from September of 2013 through September of 2014. Thereafter, he failed to report as directed for the months of October of 2014 through December of 2014. The State filed its first motion to revoke in January of 2015, and a capias was issued on January 8, 2015. Appellant's failure to report continued through 2015, 2016, and into 2017. He was arrested on February 9, 2017,[1] and the State filed its first amended motion to revoke that same month. The State then filed a second amended motion to revoke in August of 2017, after appellant failed to report in May, July, and August. Appellant's probation period expired on August 27, 2017.

A hearing was held on the second amended motion to revoke on May 1, 2018. Appellant pleaded "not true" to each of the thirteen violations alleged by the State. The sole witness at the hearing, an adult probation officer, testified to appellant's failure to report and failure to fulfill certain other obligations of his community supervision. The trial court found that appellant violated the terms and conditions of his probation by failing to report and revoked appellant's community supervision. This appeal followed.

---

[1] It appears that appellant was in jail from February 9 to February 16, 2017.

Analysis

In a single appellate issue, appellant contends that the trial court abused its discretion in granting the motion to revoke because there was no evidence the State attempted to contact him in person during the months in which he failed to report.

Standard of Review

In a proceeding to revoke community supervision, the State has the burden to prove, by a preponderance of the evidence, the defendant violated a term or condition of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). The State meets this burden when the greater weight of the evidence creates a reasonable belief that the defendant committed the violation alleged in the State's motion to revoke. *Id.* at 764. We view the evidence in the light most favorable to the trial court's ruling. *Becker v. State*, 33 S.W.3d 64, 66-67 (Tex. App.—El Paso 2000, no pet.).

Failure to Report and Due Diligence Defense

The probation officer testified that appellant reported to him as required in September of 2014. In the following months, appellant failed to report. The officer testified that he did not attempt to go to appellant's residence to locate him after September of 2014. However, he also testified that during the two and a half years that appellant failed to report to the community supervision office, there was an officer who tried "several times" to contact appellant.

Appellant maintains that this testimony established that the State did not exercise due diligence to contact him, an affirmative defense to the grounds of revocation alleging

3

failure to report. *See* TEX. CODE CRIM. PROC. ANN. arts. 42A.109, 42A.756 (West 2018). The State counters that appellant has not preserved his lack-of-due-diligence complaint for appellate review. We agree with the State.

Generally, a prerequisite to preserve a claim of error for appellate review is that the record must show the complaining party made "a timely request, objection, or motion" to the trial court that specifically stated the party's complaint. *See* TEX. R. APP. P. 33.1(a)(1); *Garza v. State*, 126 S.W.3d 79, 81-82 (Tex. Crim. App. 2004). The issue of the lack of due diligence is a defense that the defendant must raise before or during the revocation hearing in order to preserve it for appellate review. *Peacock v. State*, 77 S.W.3d 285, 287-88 (Tex. Crim. App. 2002).

In this case, appellant did not, either before or during the revocation hearing, present the argument that the State failed to use due diligence in contacting him. He made no request, objection, motion, or even argument concerning due diligence to the trial court. He has thus waived his complaint on appeal.[2] *See Sauls v. State*, 384 S.W.3d 862, 863 (Tex. App.—San Antonio 2012, no pet.) ("An error not preserved in a revocation hearing may be waived."). Therefore, the trial court did not abuse its discretion by revoking appellant's community supervision and adjudicating his guilt.

---

[2] Even if appellant had preserved this issue for appellate review, we note that the due diligence requirement applies to the State's duty to issue a warrant and apprehend the defendant before the expiration of the community supervision period; it does not place a duty on the State to seek out the defendant and ensure that he reports to his community supervision officer as ordered. *See Battle v. State*, No. 04-16-00709-CR, 2017 Tex. App. LEXIS 6626, at *3-6 (Tex. App.—San Antonio July 19, 2017, no pet.) (mem. op., not designated for publication).

Conclusion

We overrule appellant's sole issue on appeal and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.