

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00480-CR

Derek **ALEXANDER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR2627
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: December 22, 2021

AFFIRMED

Derek Alexander appeals the trial court's judgment revoking his deferred adjudication community supervision and adjudicating him guilty for the offense of robbery. Alexander argues: (1) there was insufficient evidence to support one of the State's allegations in its motion to revoke; and (2) the trial court abused its discretion when it sentenced him to twelve-years' imprisonment. We affirm.

## BACKGROUND

Alexander pled no contest to robbery, a second-degree felony. Pursuant to a plea bargain, the trial court deferred adjudication and placed him on community supervision for five years. Subsequently, the State moved to revoke Alexander's community supervision and proceed to an adjudication of guilt on the robbery charge. The State alleged Alexander violated multiple conditions of his community supervision by, among other actions, committing the offense of unlawfully carrying a weapon, committing the offense of aggravated robbery, failing to report to his probation officer, and failing to complete community service hours. Alexander pled "true" to unlawfully carrying a weapon, failing to report to his probation officer, and failing to complete community service hours; the trial court found these violations to be "true" based on Alexander's plea. Alexander pled "not true" to the aggravated robbery allegation but, after hearing the evidence, the trial court found this violation to be "true" as well. The trial court revoked Alexander's community supervision, rendered a judgment adjudicating him guilty of the initial robbery offense, and assessed punishment at twelve-years' imprisonment.

## SUFFICIENCY OF THE EVIDENCE

Alexander claims the evidence is legally insufficient to support the trial court's "true" finding on the State's allegation that Alexander violated a condition of his community supervision by committing the offense of aggravated robbery.

We review a trial court's decision to revoke community supervision and adjudicate guilt for an abuse of discretion. *Sauls v. State*, 384 S.W.3d 862, 863 (Tex. App.—San Antonio 2012, no pet.). The State bears the burden of proving the alleged violations in its revocation motion by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).

"Proof of a single violation of community supervision is sufficient to support a trial court's decision to revoke community supervision, and we must affirm a trial court's judgment if an

appellant does not challenge each ground on which the trial court revoked community supervision." *Olabode v. State*, 575 S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd) (citations omitted) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)). A plea of true to just one of the alleged violations is, by itself, sufficient to support the trial court's order of revocation. *See Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.) ("[B]ecause a single violation is sufficient for the court to base a revocation of probation, due process requires a specific finding on only one violation."); *Brooks v. State*, 995 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.) ("A plea of true, standing alone, is sufficient to support the trial court's order of revocation." (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979))).

Here, Alexander pled true to violations of his community supervision for: (1) unlawfully carrying a firearm; (2) failure to report to his probation officer; and (3) failure to complete community service hours. The trial court admonished Alexander that pleading "true" to these violations alone would be sufficient to revoke his community supervision, adjudicate him guilty of the initial robbery offense, and sentence him up to twenty-years' imprisonment. Alexander confirmed he understood the trial court's admonishment and chose not to change his plea. The trial court found these violations to be "true" based on Alexander's plea. Alexander does not challenge the sufficiency of the evidence supporting the trial court's findings for these violations. Because the record supports the trial court's findings that Alexander violated these conditions of his community supervision—and Alexander does not challenge these findings on appeal—we need not address his challenge to the finding that he violated a condition of his community supervision by committing aggravated robbery. *See Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("Because appellant failed to challenge all findings in support of the trial court's revocation, we need not address appellant's argument challenging the finding

that appellant violated a condition of his community supervision by using marijuana."); *see also*

*Olabode*, 575 S.W.3d at 881 (refusing to consider appellant's challenge to a specific violation of

his community supervision when other unchallenged violations supported the trial court's order

revoking supervision and adjudicating guilt).

Accordingly, Alexander's first issue is overruled.

## SENTENCING

In his second issue, Alexander argues the trial court abused its discretion when it imposed

a twelve-year sentence. The State argues Alexander failed to preserve this issue for review.

To preserve error for appellate review, a party must make a timely request, objection, or

motion to the trial court, state the specific grounds for the complaint, and obtain a ruling on the

request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also Arriaga v. State*, 335 S.W.3d 331,

334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (holding complaint that appellant's

sentence was unconstitutionally excessive must be preserved for appellate review). Alexander did

not object to his sentence at the time of sentencing and the record before us does not show that he

filed a post-trial motion. Alexander has not preserved his complaint for our review.

Even if Alexander had preserved his complaint for review, the complaint is without merit.

In his brief, Alexander reasserts his argument that the evidence is legally insufficient to support

the trial court's finding that he committed aggravated robbery in violation of his community

supervision conditions. Alexander argues—had the trial court not considered his aggravated

robbery violation—it would not have imposed a twelve-year sentence for the remaining

violations.[1] "This argument confuses the decision to adjudicate, which was based on the violations

---

[1] Specifically, Alexander argues "if the [trial court] had not used the finding that he had committed aggravated robbery under condition one in its decision process[,] then the decision to sentence him to [twelve-years'] confinement is an abuse of discretion as [Alexander's] other history and violation[s do] not substantiate his deferred adjudication being revoked and a [twelve-]year term."

of supervision, with the punishment decision." *Atchison v. State*, 124 S.W.3d 755, 759 (Tex. App.—Austin 2003, pet. ref'd). When reviewing whether a sentence is excessive "in a case in which the trial court has adjudicated guilt based upon the violation of deferred adjudication community supervision, we do not weigh the sentence against the gravity of the violations of the community supervision, but rather the gravity of the initial offense to which the appellant pled guilty." *Lawrence v. State*, 420 S.W.3d 329, 333 (Tex. App.—Fort Worth 2014, pet. ref'd).

Here, the twelve-year sentence was not imposed as a punishment for the violations of Alexander's community supervision, but as punishment for the initial second-degree felony offense of robbery to which Alexander pled no contest. *See* TEX. PENAL CODE ANN. § 29.02. Second-degree felonies carry a punishment range of two- to twenty-years' imprisonment. *See id.* § 12.33(a). The trial court assessed punishment within the applicable range and "[s]entences that fall within the statutory limits are generally not considered excessive . . . ." *See Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.).

Accordingly, Alexander's second issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Irene Rios, Justice

Do not publish