

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00042-CR

———————————————

LUIS GONZALEZSARCENO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1752003

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Opinion by Justice Walker

## OPINION

## I. INTRODUCTION

Following Appellant Luis Gonzalezsarceno's sentencing for the offense of online solicitation of a minor, the trial court made an Article 42.015(a) finding on the judgment that the victim was younger than 17 years of age at the time of the offense. *See* Tex. Penal Code Ann. § 33.021; Tex. Code Crim. Proc. Ann. art. 42.015(a).

In a sole issue, Gonzalezsarceno appeals from the trial court's affirmative finding and contends that (1) an Article 42.015(a) finding is unauthorized for the offense of online solicitation of a minor, and (2) the evidence is insufficient to support the finding. Because online solicitation of a minor is not among the enumerated offenses in Article 42.015(a), we will reform the judgment by deleting the finding.

## II. BACKGROUND

Gonzalezsarceno pleaded guilty to the offense of online solicitation of a minor, and the trial court sentenced him to eight years' confinement. On the judgment, the trial court made an Article 42.015(a) finding that the victim was younger than 17 years of age.[1] Gonzalezsarceno filed this appeal, limiting his complaint to the trial court's finding.

---

[1]The person with whom Gonzalezsarceno had solicited through online communication was a law enforcement officer posing as a minor.

## III. DISCUSSION

### A. STANDARD OF REVIEW AND APPLICABLE LAW

For certain offenses, Article 42.015(a) charges the trial court to make an affirmative finding regarding the age of the victim. The Article provides that:

> In the trial of an offense under Section 20.02, 20.03, or 20.04, Penal Code, or an attempt, conspiracy, or solicitation to commit one of those offenses, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that the victim or intended victim was younger than 17 years of age at the time of the offense.

Tex. Code Crim. Proc. Ann. art. 42.015(a).

Texas Penal Code Section 20.02 concerns unlawful restraint, Section 20.03 is for kidnapping, and Section 20.04 is for aggravated kidnapping. Tex. Penal Code Ann. §§ 20.02, .03, .04. The offense of online solicitation of a minor is found in Penal Code Section 33.021. *Id.* § 33.021.

We interpret terms used in the Code of Criminal Procedure in accordance with "their usual acceptation in common language, except where specially defined." Tex. Code Crim. Proc. Ann. art. 3.01. "When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. In so doing, we necessarily focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of the text at the time of its enactment." *Watkins v. State*, 619 S.W.3d 265, 271–72 (Tex. Crim. App. 2021). "In interpreting the text of the statute, we must presume that every word in a statute has

3

been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Id.* at 272.

We have the authority to correct a trial court's judgment to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Where an affirmative finding has been improperly entered in the judgment, we may reform the judgment by deleting the finding. *Id.* at 529–30; *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

## B. ARTICLE 42.015(A) FINDING AS APPLIED TO UNENUMERATED OFFENSES

Gonzalezsarceno maintains that an Article 42.015(a) finding is not authorized for the offense of online solicitation of a minor. We agree.

The State argues—without citing to any authority extending Article 42.015(a) beyond its clear scope—that "[w]hile online solicitation of a minor is not one of the enumerated offenses mandating this affirmative finding, nothing in this statute prevents the trial court (as fact-finder) from entering such a finding." This argument is unavailing—nothing in Article 42.015(a) authorizes a trial court to make this finding for an unenumerated offense. *See Gatlin v. State*, 338 S.W.3d 614, 615 (Tex. App.—Amarillo 2011, pet. ref'd) (noting that where the legislature has employed a term in a certain section of a statute but excluded it from another, "judges lack the authority to add in [to the statute] what the legislature left out").

4

Considering the literal text of the Article and attempting to discern the fair, objective meaning of the text at the time of its enactment, the legislature clearly carved out three enumerated offenses—unlawful restraint, kidnapping, and aggravated kidnapping—for which Article 42.015(a) empowers a trial court to make an affirmative finding that the victim or intended victim was younger than 17 years of age. *See Watkins*, 619 S.W.3d at 271; Tex. Code Crim. Proc. Ann. art. 42.015(a); Tex. Penal Code Ann. §§ 20.02, .03, .04. The offense of online solicitation of a minor is not one of the enumerated offenses. *See* Tex. Penal Code Ann. § 33.021; Tex. Code Crim. Proc. Ann. art. 42.015(a). We conclude that an Article 42.015(a) finding is inapposite for the offense of online solicitation of a minor. The nature of other affirmative findings in the Code of Criminal Procedure supports this conclusion.

The Dallas Court of Appeals reached a similar conclusion when deciding the scope of an Article 42.017 finding regarding age-based offenses. *See Armstead v. State*, No. 05-18-01103-CR, 2019 WL 2428676, at *3 (Tex. App.—Dallas June 11, 2019, no pet.) (mem. op., not designed for publication). An Article 42.017 finding applies to the trial of an offense under Penal Code Sections 21.11 or 22.011. *See* Tex. Code Crim. Proc. Ann. art. 42.017. In *Armstead*, the defendant was only tried under Penal Code Section 22.021 (aggravated sexual assault), yet the trial court made an Article 42.017 finding on the judgment. 2019 WL 2428676, at *3. The Dallas court concluded that because the defendant had not been tried under Sections 21.11 or

22.011, an Article 42.017 finding was inapplicable, and it deleted the finding from the judgment. *Id.* at \*4.

Moreover, in *Meinzer v. State*, we discussed the confines of Article 42.013's family-violence finding. No. 02-23-00005-CR, 2024 WL 1100478, at \*4 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op., not designated for publication). An Article 42.013 finding applies to the trial of an offense under Title 5 of the Penal Code. *See* Tex. Code Crim. Proc. Ann. art. 42.013. In *Meinzer*, we explained how Article 42.013 restricts the finding's "applicability to Title 5 offenses only." 2024 WL 1100478, at \*4. Here, the same reasoning outlined in *Armstead* and *Meinzer* can be applied to this issue. Article 42.015(a) applies to the trial of offenses under Penal Code Sections 20.02, 20.03, or 20.04, but it does not apply to Section 33.021—online solicitation of a minor.

We hold that for the offense of online solicitation of a minor, a trial court is not empowered by Article 42.015(a) to make an affirmative finding that the victim or intended victim was younger than 17 years of age at the time of the offense. *See* Tex. Code Crim. Proc. Ann. art. 42.015(a). Accordingly, because online solicitation of a minor is an inapplicable offense for an Article 42.015(a) finding, we hold that the trial court erred by including such a finding on the judgment.[2]

---

[2]Because we hold that the trial court erred by including the finding in the judgment, we do not reach Gonzalezsarceno's argument that there is insufficient evidence to support the finding. *See* Tex. R. App. P. 47.1.

## IV. CONCLUSION

Having held that the trial court's Article 42.015(a) finding was erroneous, we reform the trial court's judgment to delete the affirmative finding. *See Asberry*, 813 S.W.2d at 529. We affirm the trial court's judgment as modified. Tex. R. App. P. 43.2(b).

/s/ Brian Walker

Brian Walker
Justice

Publish

Delivered: September 25, 2025